IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy Miller,<br><br>           Plaintiff,<br><br>v.<br><br>Blake Owens, et al.,<br><br>           Defendants. | No. CV-21-8167-PCT-DMF<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

Plaintiff Cindy Miller filed a *pro se* Complaint (Doc. 1). Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which is a request for leave to proceed in this matter *in forma pauperis*. Plaintiff consented to proceed before a United States Magistrate Judge (Doc. 8).[1]

**I.     SUMMARY OF PROCEDURAL HISTORY/POSTURE**

The Court granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, screened the Complaint, and gave Plaintiff an opportunity to file a First Amended Complaint that addresses the deficiencies in her Complaint despite noting that it appeared likely futile to allow Plaintiff to file a First Amended Complaint (Doc. 9).

---

[1] Before appearances and consent of defendants, there is not full consent for undersigned to enter dispositive orders. *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Hence, undersigned proceeds by report and recommendation to Senior District Judge McNamee pursuant to General Order 18-20.

The Court warned that a "First Amended Complaint must include all the claims Plaintiff wishes to present and all of the defendants [s]he wishes to sue; any amended complaint may not incorporate material from the prior complaint by reference and serves as a full replacement to the Complaint as to all defendants" (*Id.* at 10).

Within twenty-one days of the Court's screening order, Plaintiff filed a document that the Clerk of Court has docketed as the First Amended Complaint (Doc. 11). The filing states "Complaint" in the caption (*Id.*). Yet, it appears that Plaintiff may have meant this filing to be a motion given that there is a second title below the caption which states, "Motion to Add New Defendant and Emergency Motion to Stop Buffalo Hunt" (*Id.*). Pending also is Plaintiff's Motion (for Immediate Action) (Doc. 3) that was filed at the same time as the original Complaint, which also has "Complaint" in the caption followed by a title below the caption stating "Motion".

Plaintiff's filing that has been docketed as a First Amended Complaint (Doc. 1) names as Defendants: Blake Owens, Matthew Owens, Roger Owens, "Navajo County Sheriff", "Navajo County Attorney", Eronda Price, "USFS Region 3", Snowflake Police Department, "AZGFD", "PETA", and "Ellsworth, Riggs & ; Porter Attorneys" (*Id.*). The filing "requests that immediate action be taken, if possible, to stop the Buffalo Hunt hosted by the National Park Service at the Grand Canyon happening sometime in September 2021" (*Id.*). The filing's next paragraph begins with "National Park Service – Intentional Emotional Abuse" (*Id.*). Plaintiff states that "[t]his continues to be a heartbreaking emotional experience for the Plaintiff" and Plaintiff does "not want the buffalo hunted in [Plaintiff's] National Park" and Plaintiff is "tired of being bullied by the government" (*Id.* at 2).

## II.   SCREENING/REVIEW PURSUANT TO 28 U.S.C. § 1915

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed *in forma pauperis*, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B); *see Marks v. Solemn*, 98 F.3d 494, 495 (9th Cir. 1996). *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fn. 7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies all in forma pauperis complaints," not merely those filed by prisoners). Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (*citing Twombly*, 550 U.S. at 570). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8, Federal Rules of Civil Procedure. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Thus, a complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, fn. 1 (9th Cir. 1997).

To survive dismissal, a complaint must give each defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). In the absence of fair notice, a defendant "should not be required to expend legal resources to guess which claims are asserted against her or to defend all claims 'just in case.'" *Gregory v. Ariz. Div. of Child Support Enforcement*, No. CV11-0372-PHX-DGC, 2011 WL 3203097, at *1 (D.

Ariz. July 27, 2011).

Where the complaint has been filed by a *pro se* plaintiff, as is the case here, courts must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Under the pleading standard set by the Supreme Court's decision in *Iqbal*, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, "[a] district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (*quoting Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)).

When the court dismisses the complaint of a *pro se* litigant with leave to amend, the "court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (*quoting Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the *pro se* litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (*quoting Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). The court should not, however, advise the litigant how to cure the defects; this type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004).

Here, the Court has already given Plaintiff notice of the deficiencies in the Complaint and allowed Plaintiff an opportunity to file a First Amended Complaint (Docs. 9, 11). A First Amended Complaint is subject to the same screening requirements reviewed above, although the Court need not give Plaintiff additional leave to amend due to the previous notice and opportunity given to Plaintiff.

## III.   JURISDICTION

As discussed in more detail in the screening order (Doc. 9), this Court is a limited jurisdiction court. Fed. R. Civ. P. 8(a)(1) requires that a complaint contain a "short and

1  plain statement of the grounds for the court's jurisdiction." Importantly, the party asserting
2  jurisdiction bears the burden of establishing jurisdiction. *Lew v. Moss*, 797 F.2d 747, 749
3  (9th Cir. 1986). The United States Supreme Court has stated that a federal court must not
4  disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erection*
5  *Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, the Court is obligated to evaluate its subject
6  matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking. *See*
7  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Valdez v. Allstate Ins. Co.*,
8  372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). Unlike state courts, federal
9  courts only have jurisdiction over a limited number of cases, and those cases usually
10 involve either a question of federal law (federal question jurisdiction) or a significant
11 controversy between citizens of different states (diversity jurisdiction). *See* 28 U.S.C. §§
12 1331, 1332. As the Court explained in the screening order (Doc. 9), critical to this action
13 being maintained was that Plaintiff establish this Court's jurisdiction over the claims she
14 tries to raise.

## IV.    COMPLAINT DEFICIENCIES

As the Court recounted in more detail in the screening order (Doc. 9), the Complaint (Doc. 1) has multiple deficiencies that prevent it from proceeding forward to service. The Complaint fails to satisfy pleading requirements, including that it contains over one hundred fifty (150) pages of attachments consisting of assorted items such as clips of news articles, pictures, emails, and text messages with handwritten notes. The Complaint does not fairly put any defendant on notice of the claims asserted, nor does it appear to state a claim upon which relief may be granted. The Complaint does not state a claim for a violation of federal law or a basis for federal question jurisdiction because the United States Constitution does not provide a private right of action. Further and importantly, the Complaint fails to establish this Court's limited jurisdiction. Based on the allegations in the Complaint, diversity jurisdiction cannot be established. Most of the claims in the Complaint appear to arise under state law (i.e., intentional infliction of emotional distress); the proper forum for any such claims, if viable, would be state court rather than this federal

court.

The filing docketed as the First Amended Complaint (Doc. 11) suffers the same infirmities regardless whether it is considered on its own or in conjunction with the Complaint (Doc. 1). If considered solely, the filing docketed as the First Amended Complaint (Doc. 11) fails to even identify, let alone allege, a claim against any of the listed defendants in the caption.

For the reasons above, the Complaint and First Amended Complaint should be dismissed without leave to amend, and therefore, all pending motions be denied.[2]

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Complaint (Doc. 1) and First Amended Complaint (Doc. 11) be dismissed without prejudice and without leave to amend, and therefore, all pending motions be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual

. . .

. . .

. . .

---

[2] As discussed in section I, *supra*, at the time of the Complaint, Plaintiff filed a Motion, which the Clerk of Court docketed as a Motion (for Immediate Action (Doc. 3)); the motion fails to meet the requirements of Federal Rule of Civil Procedure 65.

- 6 -

determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 4th day of October, 2021.

_____
Honorable Deborah M. Fine
United States Magistrate Judge